IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIRK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1168-K-BK |
| | § | |
| LITTON LOAN SERVICING, LP and | § | |
| DEUTSCHE NAT'L BANK & | § | |
| TRUST COMPANY | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Defendants' *Motion for Summary Judgment*. (Doc. 12). After reviewing the relevant pleadings and applicable law, the Court finds Defendants' motion to be well taken and recommends it be GRANTED and that Plaintiff's case be DISMISSED as to all Defendants.

**I. BACKGROUND**

This case stems from Defendants' foreclosure of Plaintiff's home. In connection with the purchase of the property located at 1005 Northlake, DeSoto, Dallas County, Texas 75115, Plaintiff's wife, Jacqueline O. Williams, signed an Adjustable Rate Note ("Note") for a loan that encumbered the property. (Doc 14 at 4-5, 9-14). To secure payment of that Note, Mrs. Williams and Plaintiff executed a Deed of Trust, dated June 16, 2006. (Doc 14 at 5, 16-30). The original lender on the Note was Decision One Mortgage Company, LLC, and the Note was subsequently transferred to Defendant Deutsche National Bank and Trust Company (Deutsche). (Doc. 14 at

1

5). Defendant Litton is the attorney-in-fact and the servicer of the Note for Deutsche, and does not hold an ownership interest in the Note. (Doc. 14 at 5).

After Litton began servicing the Note, Mrs. Williams fell behind on the loan payments, which constituted a default of the Note. (Doc. 14 at 5). On May 27, 2009, Defendants sent Mrs. Williams a document entitled "Notice of Default and Intent to Accelerate," via certified mail. (Doc. 14 at 5, 32-39). On August 10, 2009, an Appointment of Substitute Trustee was filed in the Dallas County Real Property Records. (Doc. 14 at 5, 41). On March 15, 2010, Defendants filed a "Notice of Foreclosure Sale" in the real property records of Dallas County, Texas, and attorneys for Defendants sent Plaintiff and Mrs. Williams a "Notice of Foreclosure Sale," notifying them the foreclosure sale would take place on April 6, 2010. (Doc. 14 at 5, 43-51, 57). In addition, the "Notice of Foreclosure Sale" was posted at the Dallas County courthouse on March 15, 2010. (Doc. 14 at 56).

On April 6, 2010, Deutsche purchased the property at the Non-Judicial Foreclosure Sale and received from the Substitute Trustee a Foreclosure Sale Deed. (Doc. 14 at 52-55). In the interim, Plaintiff and his wife continuously sought to have the loan modified by contacting Defendants and numerous other parties to no avail. (Doc. 15). Defendants informed Plaintiff and his wife that the loan was not eligible for modification based on their income and recommended Plaintiff and his wife sell the house before it was foreclosed. (Doc. 15-8 at 1; 15-9 at 1; 15-11 at 1).

On May 12, 2010, Plaintiff brought the current action for wrongful foreclosure in state court, which was subsequently removed to this court by Defendants on June 11, 2010. (Doc 1; 1-1 at 5). In his *Original Petition*, Plaintiff seeks to set aside the foreclosure and reinstate the

mortgage loan. He claims that in relation to the foreclosure sale, Defendant failed to notify his wife, Jacqueline Williams, of the impending foreclosure sale, in violation of an unspecified federal statute, and that Defendant violated its fiduciary duty to Plaintiff by not providing Plaintiff the opportunity to conduct a market sale to a willing and capable buyer. (Doc 1-1 at 5-8). As it relates to the Note, Plaintiff contends that Defendant failed to follow the loss-mitigation guidelines required by the FHA and "GSE," improperly refused to modify the loan, violated the "UDAP"[1] and acted unconscionably by purchasing a loan it knew Plaintiff could not afford, and did not structure the loan under Rule Z of the Truth in Lending Act ("TILA").

Defendants have now filed for summary judgment arguing, *inter alia,* that the foreclosure sale was properly conducted under Texas statutes, Plaintiff lacks standing to contest any issue relating to the Note as he is not a party to it, and Plaintiff has no evidence to support any of his claims. (Doc. 13 at 2, 9-15).

After Defendant's summary judgment motion was filed, Plaintiff filed 37 pages of material, which the Court deems as Plaintiff's response to Defendants' *Motion for Summary Judgment*.[2]

---

[1] The court liberally construes Plaintiff's complaint to bring a claim under the Texas DTPA, as the Court believes "UDAP" refers to Unfair and Deceptive Acts and Practices. *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding *pro se* litigants' pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

[2] Plaintiff's submission consists of correspondence between Plaintiff and Defendants, their attorneys, senators, and state agencies. (Doc. 14). One page of the documents is titled "Plaintiff's Original Answer," which appears to be a response to Defendants' answer, and a page titled "Plaintiff Appendix in Support of Their Motion for Summary Judgment," which list the above referenced correspondence and pay stubs as evidence. (Doc. 14).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case. *Celotex*, 477 U.S. at 325 (stating the burden on the moving party may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotes omitted). If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Id*. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary

judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992).

When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

   A. *Wrongful Foreclosure Claims*

Plaintiff contends that Defendants failed to provide proper notice of the foreclosure sale, specifically claiming that no notice was provided to his wife. Defendants counter with evidence that they followed all the procedures set out in TEX. PROP. CODE § 51.002 before foreclosing on the mortgage loan.[3] That evidence establishes that Defendant sent a Notice of Default and Intent to Accelerate to Jacqueline O. Williams, as the sole borrower on the note, on May 27, 2009, via certified mail, return receipt requested. (Doc. 14 at 34-35). The notice advised Plaintiff's wife of the default and Defendants' intent to accelerate the note in 30 days if the default was not timely cured. *Id*. It also outlined the action required to cure the default. *Id.* After Plaintiff's wife failed to cure the default within the prescribed period, Defendant mailed a Notice of Foreclosure Sale to her via certified mail, which included the date of the sale – held within the time limits prescribed by state statute. (Doc. 14 at 43-46). Defendant also mailed a

---

[3] Contrary to Plaintiff's assertions that the foreclosure notice is governed by federal law, in Texas, the notice of foreclosure sale is governed by TEX. PROP. CODE § 51.002. *F.D.I.C. v. Royal Park*, 2 F.3d 637, 639-40 (5th Cir. 1993).

separate copy of the foreclosure sale notice to Plaintiff, via certified mail. (Doc. 14 at 48-49).

As to Plaintiff's claim that Defendants breached their "fiduciary duty to ensure that the home owner obtains the highest price possible for the sale of the property" by refusing "to postpone a foreclosure sale... to allow the home owner to conduct a market sale to a willing and financially capable buyer" (Doc. 1-1 at 7), no genuine fact issue exists. First, in Texas, lenders owe no fiduciary duty to borrowers. *See Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 442 (Tex.App.–Houston [14 Dist.],1998) (citing *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962). Second, Defendant Deutsche purchased the property at a public sale, as any "willing and financially capable buyer" could have. (Doc. 14 at 52-55).

Plaintiff has offered nothing which refutes Defendant's evidence that all requisite notices were given and that the foreclosure sale was properly conducted. Accordingly, Defendant is entitled to summary judgment on these issues.

*B. Remaining Claims*

Defendant correctly argues Plaintiff lacks standing to bring the remaining claims relating to the mortgage loan. (Doc. 13 at 12). The doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Summers v. Earth Island Institute,* 555 U.S. 488, ---, 129 S.Ct. 1142, 1149 (2009) (internal quotation marks omitted) (*citing Warth v. Seldin*, 422 U.S., at 498-499, 95 S.Ct. 2197). Plaintiff bears the burden of showing that he has standing for each type of relief sought. *See Summers*, 129 S. Ct. at 1149 (2009) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 105).

Plaintiff's remaining allegations – that Defendant failed to follow the loss-mitigation

6

guidelines required by the FHA and "GSE," improperly refused to modify the loan, violated the "UDAP" and acted unconscionably by purchasing a loan it knew Plaintiff could not afford, and did not structure the loan under Rule Z of the Truth in Lending Act ("TILA"), including DTPA violations and breach of fiduciary duty – all relate to the mortgage Note. It is undisputed that Plaintiff's wife was the sole borrower on the loan and the only person obligated under the terms of the Note. (Doc. 14 at 4-5, 9-11). She is not a party to this suit, however. Not only has Plaintiff wholly failed to respond to the standing issue raised in Defendant's summary judgment motion, but he has also failed to meet his burden of establishing that he has standing for each type of relief sought. Thus, the Court lacks jurisdiction to entertain his remaining claims.

In the alternative, as Defendants correctly assert, there is no evidence to support Plaintiff's claims that Defendants acted contrary to law in either the execution or subsequent acceleration of the Note. Plaintiff has not come forward with competent summary judgment evidence that shows the existence of a genuine fact issue regarding any of his claims. *Matsushita,* 475 U.S. at 586. The only evidence submitted by Plaintiff is correspondence and pay stubs that completely fail to make a showing sufficient to establish the existence of a genuine fact issue. Moreover, Plaintiff's unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth*, 19 F.3d at 1533. Therefore, summary judgment should also be granted as to the remainder of Plaintiff's claims.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendants' *Motion for Summary Judgment* (Doc. 12) be **GRANTED**, and the Plaintiff's case be **DISMISSED**, with prejudice, as to all Defendants.

**SIGNED** July 8, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE